# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**HOLOKRIS, LLC**                                                                                    **PLAINTIFF**

v.                                    Case No. 4:23-cv-01165-LPR

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                          **DEFENDANT**

## ORDER

This is an insurance case. Pending before the Court is State Farm's Motion for Partial Summary Judgment.[1] State Farm seeks judgment in its favor on Holokris's state-law bad-faith claim.[2] And State Farm is clearly entitled to that resolution.

Early on in this case, the Court denied State Farm's Motion to Dismiss the bad-faith claim.[3] But the Court went out of its way to note that this denial was "an exceedingly close call," that the bad-faith claim "just barely survive[d]" the dismissal request, and that "[w]hether the bad-faith claim [would] survive summary judgment [was] a very different question."[4] We have now arrived at summary judgment, where Holokris cannot rely on the allegations in its Complaint. And Holokris has produced no evidence from which a reasonable jury could find that State Farm acted

---

[1] Doc. 30.

[2] *Id.*; Am Compl. (Doc. 10) ¶¶ 29–37. Both parties (and the Court) agree that Arkansas law governs the bad-faith claim. *See* Def.'s Br. in Supp. of Mot. for Partial Summ. J. (Doc. 31) at 4; *see also* Pl.'s Br. in Opp'n to Mot. for Partial Summ. J. (Doc. 35) at 2.

[3] Order (Doc. 22).

[4] *Id.* It is worth noting that the Court's denial of the Motion to Dismiss was largely based on the operative Complaint's allegation that "the engineer State Farm retained agreed with Plaintiff's engineer that the other two roofs were damaged from the tornado, yet State Farm never paid for the damages its own expert recognized and told it to pay." Am. Compl. (Doc. 10) ¶ 16; Order (Doc. 22). Now, at the summary judgment stage, Holokris does not even raise this argument in its briefing, let alone provide facts to support it. Instead, in what appears to be a one-eighty from its allegations in the operative Complaint, Holokris says that State Farm's engineer "disagreed with Plaintiff's engineers." Pl.'s Br. in Opp'n to Mot. for Partial Summ. J. (Doc. 35) at 2; *see also* Ex. A (Pl.'s Statement of Undisputed and Disputed Material Facts) to Pl.'s Br. in Opp'n to Mot. for Partial Summ. J. (Doc. 35-1) ¶ 6 (asserting that "State Farm retain[ed] a forensic engineer who supported the position of State Farm").

in bad faith. That is, on this record, no reasonable jury could find—without resorting to rank speculation—that State Farm "affirmatively engage[d] in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured."[5]

What this record shows is a dispute between Holokris and State Farm as to the degree of compensable damage (under the insurance contract) to Holokris's property. But that is all the record shows—just a dispute. No more and no less. No facts presented would allow a reasonable jury to reasonably infer bad faith here.[6]

The Court need not reinvent the wheel. State Farm's Motion, Brief, Statement of Undisputed Material Facts, and Reply soundly explain why State Farm is entitled to summary judgment on the bad-faith claim.[7] The Court accepts and adopts State Farm's position. There are not that many cases in which a Court could or should do this type of wholesale adoption. But this is one of the rare exceptions where (because it is so clear which side is correct) wholesale adoption of one side's argument is the best way to proceed.[8] Accuracy, justice, and judicial economy are fortuitously aligned here.

---

[5] *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426, 277 S.W.3d 196, 201 (2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429, 64 S.W.3d 720, 723 (2002)).

[6] For certain, given some of the attendant circumstances at play (e.g., the fact that the damage was allegedly caused by the 2023 tornado that devastated significant areas of Little Rock), Holokris might be able to get some jurors to speculate that State Farm was intentionally low-balling its valuation of Holokris's claim. But jurors are not legally allowed to engage in such speculation. To put it another way, reasonable jurors would not engage in such speculation.

[7] *See* Def.'s Mot. for Partial Summ. J. (Doc. 30); *see also* Def.'s Br. in Supp. of Mot. for Partial Summ. J. (Doc. 31); Def.'s Statement of Undisputed Material Facts (Doc. 32); Def.'s Reply in Supp. of Mot. for Partial Summ. J. (Doc. 36).

[8] The Court also notes in this regard that Holokris did not properly dispute State Farm's Statement of Undisputed Material Facts. Implementing Federal Rule of Civil Procedure 56(c) and Local Rule 56.1, all versions of the Court's Final Scheduling Order (Docs. 20, 28, and 41) provide that,

> [i]n opposing a motion for summary judgment, the non-moving party shall format his or her statement of disputed (and undisputed) material facts pursuant to Local Rule 56.1. The non-moving/opposing party shall respond paragraph by paragraph to the statement of undisputed material facts submitted by the moving party. The responsive portion of the non-moving opposing party's statement shall repeat the statement verbatim as set forth in the moving party's statement and respond to it by admitting the statement or pointing out that portion of the statement, if any, he or

In light of the foregoing, State Farm's Motion for Partial Summary Judgment is GRANTED. At the conclusion of this matter, judgment will be entered in favor of State Farm on Holokris's bad-faith claim.

IT IS SO ORDERED this 25th day of April 2025.

                                                                               _____
                                                                               LEE P. RUDOFSKY
                                                                               UNITED STATES DISTRICT JUDGE

---

    she disputes. The non-moving/opposing party will state with particularity that portion of the allegation denied, citing to any evidentiary support for the denial. For example:

    Moving Party:    1. Plaintiff began working for Defendant Employer on March 1, 2016.

    Response:    1. Plaintiff admits that Plaintiff began working for Defendant Employer on March 1, 2016.

*See* Am. Final Scheduling Order (Doc. 28) ¶ 8. Holokris did not provide a document directly responsive to State Farm's Statement of Undisputed Material Facts. Instead, Holokris filed a document titled Plaintiff's Statement of Undisputed and Disputed Material Facts. Ex. A (Pl.'s Statement of Undisputed and Disputed Material Facts) to Pl.'s Br. in Opp'n to Mot. for Partial Summ. J. (Doc. 35-1). That document, which contains no record citations whatsoever, does not say which of State Farm's asserted facts Holokris admits to and which it denies. *See generally id.* Given the deficiencies of this document, all of State Farm's asserted facts are deemed admitted. *See* Local Rule 56.1(c). Moreover, to the extent Holokris's document is supposed to be an affirmative statement of material facts, it contravenes Federal Rule of Civil Procedure 56(c)(1)(A).

3